IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES P. VERDREAM,

       Petitioner,

vs.                                                                                                              No. CIV 16-0070 JB/LAM

WARDEN FNU TRACY,

       Respondent.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed February 1, 2016 (Doc. 1)("Petition").  The Court dismisses Petitioner James P. Verdream's Petition for lack of jurisdiction and for failure to comply with a court order.

In his § 2241 Petition, Verdream seeks an order granting him credit against his sentence for time served under a New Mexico state court sentence.   As the Honorable Judith Herrera, United States District Judge for the District of New Mexico, has advised Verdream, the Court does not have authority to modify his previously imposed sentence.  See United States v. Verdream, No. CR 14-1752 JH (Doc. 43), filed July 1, 2015 (Doc. 43)(D.N.M.).  The Court may review computation of credit for time served against a federal sentence under 28 U.S.C. § 2241, but may do so only after the prisoner has exhausted his Bureau of Prisons ("BOP") remedy. United States v. Wilson, 503 U.S. 329, 335-36 (1992).  Verdream's Petition appears to state that he did not seek any administrative remedy before filing his Petition.  See Petition, ¶ 7, at 2.

The Court need not decide, however, whether Verdream exhausted his administrative remedies.  Even if Verdream exhausted his BOP remedy, the Court would not have jurisdiction

over his § 2241 Petition, because Verdream is incarcerated in Arizona, not in New Mexico. See Petition at 1. Verdream may seek § 2241 relief only in the District where he is incarcerated. See Rumsfeld v. Padilla, 452 U.S. 426, 442-43 (2004). The Court must therefore dismiss his § 2241 Petition without prejudice for lack of jurisdiction.

In addition, when he filed his Petition, Verdream did not pay the filing fee or submit a motion to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On February 19, 2016, the Court ordered Verdream to cure this deficiency no later than March 21, 2016. See Order to Cure Deficiency, filed February 19, 2016 (Doc. 4). Verdream has not complied with the Court's February 19, 2016 Order. The Court will also dismiss the case without prejudice pursuant to rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order.

**IT IS ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed February 1, 2016 (Doc. 1), is dismissed without prejudice based on lack of jurisdiction and for failure to comply with the Court's Order.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

James P. Verdream
FCI Phoenix
Phoenix, Arizona

　　*Plaintiff pro se*